UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>NUVOTON TECHNOLOGY CORPORATION AMERICA, et al.,<br><br>Defendants. | Case No. 19-cv-01690-SI<br><br>**ORDER RE: DISCOVERY DISPUTE REGARDING REDUCTION OF ASSERTED CLAIMS**<br><br>Re: Dkt. No. 53 |

Plaintiff Microchip Technology Incorporated ("Microchip") and defendants Nuvoton Technology Corporation America and Nuvoton Technology Corporation (collectively, "Nuvoton") have filed with the Court a discovery dispute entitled "Joint Statement Regarding the Reduction of Asserted Claims." Dkt. No. 53 ("Joint Statement"). The parties agree that it is necessary to reduce the number of claims that Microchip asserts in this patent infringement case against Nuvoton but disagree on the timing and number for the reduction. This is the first discovery dispute in this case.

**BACKGROUND**

On October 10, 2018, Microchip filed a complaint against Nuvoton alleging patent infringement. Dkt. No. 1. In the operative complaint, served on Nuvoton on January 7, 2019, Microchip alleges that Nuvoton infringes the following six patents, each of which plaintiff owns by assignment:

(1) U.S. Patent No. 7,075,261 (the '261 Patent), entitled *Method and Apparatus for Controlling a Fan*;

(2) U.S. Patent No. 7,126,515 (the '515 Patent), entitled *Selectable Real Time Sample*

*Triggering for a Plurality of Inputs of an Analog-to-Digital Converter*;

(3) U.S. Patent No. 7,353,417 (the '417 Patent), entitled *Microcontroller with Synchronous Analog to Digital Converter*;

(4) U.S. Patent No. 9,442,873 (the '873 Patent), entitled *Direct Memory Access Controller*;

(5) U.S. Patent No. 9,772,970 (the '970 Patent), entitled *Multi-Protocol Serial Communication Interface*; and

(6) U.S. Patent No. 7,930,576 (the '576 Patent), entitled *Sharing Non-Sharable Devices Between an Embedded Controller and a Processor in a Computer System*.

Dkt. Nos. 5 ("FAC" ¶¶ 19–25), 6.

On July 12, 2019, at the initial case management conference, the Court set deadlines through claim construction. Dkt. No. 44. In accordance with the schedule, on July 26, 2019, Microchip served its infringement contentions, asserting infringement of 109 claims across the six patents. Joint Statement at 1-2. On September 9, 2019, Nuvoton served its invalidity contentions. *Id.* at 1. The parties state that they "have met and conferred regarding a schedule for reducing the number of asserted claims without success."[1] *Id.* The claim construction hearing in this case is set for February 13, 2020.

## LEGAL STANDARD

"A court may limit the number of asserted claims in a patent case for the sake of judicial economy and management of a court's docket." *Memory Integrity, LLC v. Intel Corp.*, No. 15-cv-00262-SI, 2015 WL 6659674, at *1 (D. Or. Oct. 30, 2015) (citing Fed. R. Civ. P. 16(c)(2)(P); *Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. App'x 897, 902 (Fed. Cir. 2011)). "In determining whether to require parties limit the number of asserted claims, courts look to the number of patents

---

[1] This Court's Standing Order, § 3, requires that prior to filing a discovery dispute with the Court, "[t]he parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer." It is unclear from the joint statement whether the parties here met and conferred in person or by telephone. In any future discovery dispute statement, the parties shall specify the manner by which they met and conferred.

2

and claims at issue . . ., the feasibility of trying the claims to a jury[,] . . . whether the patents at issue have common genealogy, whether the patents contain terminal disclaimers, and whether the asserted claims are duplicative." *Thought, Inc. v. Oracle Corp.*, No. 12-CV-05601-WHO, 2013 WL 5587559, at *2 (N.D. Cal. Oct. 10, 2013) (citing *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311 (Fed. Cir. 2011)). When limiting the number of claims that a patentee may assert, the district court should still allow the patentee to assert additional, non-selected claims upon a showing of good cause that the additional claims present unique issues of infringement or invalidity. *Id.* at *2 (citing *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 284 (D. Del. 2013)).

**DISCUSSION**

**I.     Timing**

Here, Microchip argues that it "is entitled to know the full scope of Nuvoton's invalidity position and Nuvoton's sales data before selecting the claims on which to proceed." Joint Statement at 4. Accordingly, Microchip proposes that it make an initial reduction of claims by "the later of October 19, 2019 or two weeks after Nuvoton discloses its invalidity positions by filing IPRs [*inter partes* review] or confirming it is not filing IPRs, and fully discloses its sales data." *Id.*

Nuvoton argues that Microchip has the burden of establishing the scope of its case and that there is no legal basis for requiring Nuvoton to disclose its invalidity strategy before Microchip limits the number of asserted claims. *Id.* at 2. Nuvoton proposes that Microchip conduct an initial reduction of the number of asserted claims by October 13, 2019. Nuvoton argues that this date is important because the exchange of preliminary constructions and extrinsic evidence is due October 14, 2019.

The Court agrees with Nuvoton that there is no basis for Microchip's position regarding the timing of reducing its claims. Microchip quotes from the Federal Circuit's decision in *In Re Katz*, 639 F.3d at 1313, but that case does not support Microchip's assertion that because any IPR proceedings "may have an impact on this case, Microchip is entitled to understand Nuvoton's invalidity positions before reducing the number of claims." *See* Joint Statement at 4. *In re Katz*

3

approved of a process by which the district court reduced the number of asserted claims while allowing the patentee to later seek to add back in the non-selected claims if it "could show that the additional claims presented unique issues." 639 F.3d at 1312. The appellate court went on to state that "[i]f, notwithstanding such a showing, the district court had refused to permit Katz to add those specified claims, that decision would be subject to review and reversal." *Id.* at 1313. Nothing in the decision supports Microchip's position that Nuvoton must disclose its strategy before Microchip conducts an initial reduction of the 109 claims it presently asserts. *See also Rambus, Inc. v. LSI Corp.*, No. C 10-05446-RS, 2012 WL 13070209, at *2 (N.D. Cal. Dec. 28, 2012) (rejecting patentee's request that the Court order defendants to disclose their invalidity contentions before patentee reduces its claims, where patentee "does not cite any law in support of its position that it must be given the benefit of knowing defendants' noninfringement theories in order to select its 20 strongest claims . . ."). Nor has Microchip pointed to any legal basis for requiring Nuvoton to fully disclose its sales data prior to reducing the number of its asserted claims; the Court sees no reason here to deviate from the schedule for disclosures the Court has already set, in accordance with this District's Patent Local Rules.

Additionally, "the weight of authority holds that claim limitation is proper prior to claim construction, particularly where defendants have already served invalidity contentions[,]" as has Nuvoton here. *See Universal Elecs. Inc. v. Roku Inc.*, No. SACV 18-1580 JVS (ADx), 2019 WL 1878351 (C.D. Cal. Mar. 14, 2019). Furthermore, according to the discovery schedule, allowing Microchip to wait until after Nuvoton has filed any IPR petition could mean that Nuvoton does not reduce its claims until after the parties have nearly finished briefing on claim construction. *See* Dkt. No. 44. The Court finds the timing of Nuvoton's proposal to be the more reasonable one.

**II.  Number of Claims**

The parties also disagree on the number of claims that should be reduced. Microchip proposes an initial reduction to 60 claims and a subsequent reduction to 45 claims (presumably after the claim construction order). Joint Statement at 5. Nuvoton proposes an initial reduction to 40 claims, a subsequent reduction after claim construction to 20 claims in no more than 4 patents, and

4

a final reduction 30 days before trial to 10 claims in no more than 3 patents. *Id.* at 2. The parties have also proposed slightly competing schedules for Nuvoton to reduce the number of prior art references. *See id.* at 4.

Microchip argues that the magnitude of reduction that defendants request is improper because the "six asserted patents cover six distinct technologies, . . . and there is no showing that the asserted claims are duplicative." *Id*. at 5. However, "a defendant is not required to make a prima facie showing that the asserted claims are duplicative in order to justify a limitation on the number of asserted claims." *Universal Elecs*., 2019 WL 1878351, at *3 (citing *Masimo Corp.*, 918 F. Supp. 2d at 284; *Thought*, 2013 WL 5587559, at *3). Thus, Nuvoton's proposal does not fail for that reason.

To the contrary, the reduction that Nuvoton proposes aligns with, or is more generous than, what courts have ordered in other cases. In *In re Katz*, the Federal Circuit approved the district court's process of reducing the 1,975 claims in the multi-district litigation to 40 claims per defendant group initially, and then to 16 claims per defendant group after discovery, with no more than 64 claims asserted total against all defendants. 639 F.3d at 1309. In this district, Judge Orrick ordered a process for reducing the initial 102 asserted claims to 10 per patent and no more than 32 claims total before claim construction, followed by a reduction 28 days after claim construction to 5 claims per patent and 16 claims total. *Thought*, 2013 WL 5587559, at *4. Judge Seeborg issued an order after claim construction that limited the patentee to asserting 20 claims total (after the initial 81 claims asserted had already been reduced to 35). *Rambus*, 2012 WL 13070209, at *1, 3.

In this case, the Court finds Nuvoton's proposal reasonable and appropriate for the management of the case at this time, and largely adopts the proposal, with the exception that the Court will not require Microchip to drop entire patents, rather than claims, from the case.

## CONCLUSION

For the foregoing reasons, the Court Orders as follows:

By October 13, 2019, Microchip shall identify no more than 40 asserted claims total. By October 27, 2019, Nuvoton shall identify no more than 40 prior art references. Within 14 days of

5

the Court's Claim Construction Order, Microchip shall identify no more than 20 asserted claims total. However, before the expiration of that 14-day period, Microchip may move the Court for permission to bring back unselected claims, based on a showing of good cause that unselected claims present unique issues as to validity or infringement, and/or seek a Court order allowing it to increase the number of claims at issue above the presumptive 20 total. Within 14 days of Microchip identifying no more than 20 claims, Nuvoton shall identify no more than 20 prior art references.

Within 14 days of the Court's Claim Construction Order, the parties shall contact the Court to arrange a conference to set the remaining dates in this case, including a date for trial. At that conference, the parties shall be prepared to discuss whether a further reduction before trial of asserted claims and/or of prior art references is appropriate and, if so, shall propose a schedule for such reduction.

**IT IS SO ORDERED**.

Dated: October 3, 2019

_____
SUSAN ILLSTON
United States District Judge